UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAR 31 2014 ★
LONG ISLAND OFFICE

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| 24/7 EXPRESS MINI MART INC., a New York Corporation; DIPENKUMAR PATEL, an individual; and ANISHA PATEL, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

Civil No. 2:14-cv-01510-SJF-WDW

## CONSENT JUDGMENT

This matter having been presented to the Court by and with the consent of plaintiff, 7-Eleven, Inc. ("7-Eleven"), and defendants, 24/7 Express Mini Mart Inc., Dipenkumar Patel and Anisha Patel (collectively, "Defendants"), the Court having been fully advised of the premises, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction over the parties hereto and over the subject matter hereof.

2. Since long prior to the filing of this civil action, 7-Eleven has been engaged in the business, *inter alia*, of offering convenience store services and products to the general public at various locations throughout the United States, including within this judicial district.

3. Since at least as early as 1946, long prior to the filing of this civil action, 7-Eleven has provided its aforesaid convenience store services under the trade name and trademark 7-ELEVEN ("7-ELEVEN Name and Mark").

4. There are currently over 5,000 convenience stores throughout the United States, including within the State of New York, being operated by 7-Eleven or its franchisees under the aforesaid 7-ELEVEN Name and Mark.

5. Since long prior to the filing of this civil action, 7-Eleven's 7-ELEVEN Mark has been displayed on, *inter alia*, signage for its convenience stores. A primary signage display of the 7-ELEVEN Mark is a multicolored red, green and orange logo, featuring a primarily red Arabic numeral "7," all displayed against a white rectangular background ("7-ELEVEN Logo"), as depicted below:



6. Since long prior to the filing of this civil action, 7-Eleven has offered its aforesaid convenience store services under a distinctive store stripes mark consisting of orange, green, and red stripes against a white field ("7-Eleven Stripes Mark"). A very common display of the 7-Eleven Stripes Mark is on store front fascia flanking the 7-ELEVEN Logo, as depicted below:



7. Since long prior to the filing of this civil action, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services under each of its aforesaid 7-ELEVEN Name, Mark, and Logo and the 7-Eleven Stripes Mark and have annually spent millions of dollars to advertise and promote its convenience store services and related goods and services nationally under the aforesaid trade identities.

8. Since long prior to the filing of this civil action, 7-Eleven has used in many of its convenience stores a distinctive window trade dress comprised of its 7-ELEVEN Logo flanked by horizontal stripes in white relief against clear glass ("7-Eleven Window Trade Dress"), as depicted below:



9. Since long prior to the filing of this civil action, 7-Eleven has used in many of its convenience stores a distinctive interior stripes trade dress consisting of a green and red stripes pattern running horizontally on interior store walls ("7-Eleven Interior Trade Dress"), as depicted below:



10. Since long prior to the filing of this civil action, 7-Eleven has owned an invaluable goodwill which is symbolized by each of the aforesaid 7-ELEVEN Name, Mark, and Logo, the 7-Eleven Stripes Mark, the 7-Eleven Window Trade Dress and the 7-Eleven Interior Trade Dress, the uses of which substantially increase the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

11. By virtue of the aforesaid extensive use, advertising, and promotion, and since long prior to the filing of this civil action, each of 7-Eleven's aforesaid 7-ELEVEN Name, Mark, and Logo, the 7-Eleven Stripes Mark, the 7-Eleven Window Trade Dress and the 7-Eleven Interior Trade Dress has acquired a strong secondary meaning signifying 7-Eleven.

12. 7-Eleven has registered its aforesaid 7-Eleven Stripes Mark in the United States Patent and Trademark Office. Such registrations include, *inter alia*, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| Flanking 7-Eleven Stripes Mark | 2,135,385 | 02/10/1998 | Retail convenience store services |
| 7-Eleven Stripes Mark | 2,295,753 | 11/30/1999 | Retail gasoline station services |

The aforesaid registrations are valid, subsisting, owned by 7-Eleven, and are now incontestable in accordance with Sections 15 and 33 of the United States Trademark Act, 15 U.S.C. §§ 1065, 1115(b), and, therefore, conclusive evidence of

4

the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

13. 7-Eleven has registered its aforesaid 7-ELEVEN Mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN & Design | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| 7-ELEVEN & Design | 920,897 | 09/21/1971 | Retail grocery store services |
| 7-ELEVEN & Design | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| 7-ELEVEN & Design | 1,035,454 | 03/09/1976 | Sandwiches |
| 7-ELEVEN & Design | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN & Design | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN & Design | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN & Design | 2,751,552 | 08/19/2003 | Clothing, namely caps |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| 7-ELEVEN & Design | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| 7-ELEVEN & Thin Stripes Design | 3,644,842 | 06/23/2009 | Retail convenience store services featuring the sale of food and beverage products for consumption on or off the premises |
| 7-ELEVEN & Tri-Stripes Design (Color) | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| 7-ELEVEN & Tri-Stripes Design | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, owned by 7-Eleven, and Reg. Nos. 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,152,472; 2,642,740; 2,685,684; 2,834,419; 2,914,788; and 3,338,512 are now incontestable in accordance with Sections 15 and 33 of the United States Trademark Act, 15 U.S.C. §§ 1065, 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

14. Defendants, individually or collectively, are using the name and mark 24/7 EXPRESS for convenience store services, including a multicolored red, green and orange logo, featuring a primarily red Arabic numeral "7," all displayed against a white rectangular background ("24/7 EXPRESS Logo"), as depicted below:



15. Defendants offer their convenience store services under a store stripes mark consisting of orange, green, and red stripes against a white field ("Defendants' Stripes Mark"), including a display flanking the 24/7 EXPRESS Logo on their store front fascia, as depicted below:



7

16. Defendants are using a window trade dress comprised of its 24/7 EXPRESS Logo flanked by horizontal stripes in white relief against clear glass ("Defendants' Window Trade Dress"), as depicted below:



17. Defendants are using an interior stripes trade dress consisting of a green and orange stripes pattern running horizontally on interior store walls ("Defendants' Interior Trade Dress") as depicted below:



18. Defendant, 24/7 Express Mini Mart, Inc., and its directors and officers, including defendants Dipenkumar Patel and Anisha Patel, and each of their respective partners, agents, servants, and employees, and all those in active concert or participation with any of them, who received actual notice of this Consent Judgment, are hereby permanently enjoined from:

    a. Using the Defendants' Stripes Mark, including as depicted in Paragraph 15 above;

    b. Using the 24/7 EXPRESS Name, Mark, and Logo, including as depicted in Paragraph 14 above;

c. Using the Defendants' Window Trade Dress, including as depicted in Paragraph 16 above;

d. Using the Defendants' Interior Trade Dress, including as depicted in Paragraph 17 above;

e. Using any other name, mark, logo, or trade dress displayed in any color combination, with or without additional colors, which includes in combination two or more of the colors red, green, and orange for convenience store or related products or services;

f. Using any name, mark, or logo consisting in whole or in part of the numerals "7" or "11" or the words "seven" or "eleven" for convenience stores or related products or services;

g. Using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-Eleven Stripes Mark (including as depicted in Paragraph 5 above), 7-Eleven's 7-ELEVEN Name, Mark, or Logo (including as depicted in Paragraph 6 above), 7-Eleven's Window Trade Dress (including as depicted in Paragraph 8 above), or 7-Eleven's Interior Trade Dress (including as depicted in Paragraph 9 above) for convenience stores or related products or services;

h. Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

9

i. Doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's trade identities including the 7-Eleven Stripes Mark, or the 7-ELEVEN Name, Mark, or Logo; and

j. Aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (i) above.

19. Notwithstanding the provisions of Paragraphs 18(b) and 18(f) of this Consent Judgment, Defendants may use the trade name "24/7 Express" for convenience store services, including the corporate name "24/7 Express Mini Mart, Inc," as well as the signage display depicted below:



20. Within forty-five (45) days from the date this Consent Judgment is entered by the Court, Defendants shall file with the Court, and serve upon counsel for 7-Eleven, Inc. a sworn writing or other Declaration setting forth in detail the manner and form in which the Defendants have complied with the terms of this Consent Judgment, including color photographs depicting such compliance.

21. Except as otherwise explicitly provided herein, the respective parties shall bear their own costs, including attorney's fees.

~~22. This Court retains jurisdiction over this cause to enforce this Consent Judgment.~~ (SJF/EK)

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated: 3/31/14

s/ Sandra J. Feuerstein
United States District Judge

**CONSENTED TO:**

7-ELEVEN, INC.

By: _____

Name: <u>Jason A. Berta</u>

Title: <u>Attorney-in-fact</u>

24/7 EXPRESS MINI MART, INC.

By: <u>A.D. Patel</u>

Name: <u>Anisha Patel</u>

Title: <u>President</u>

_____
DIPENKUMAR PATEL, Individually

_____
ANISHA PATEL, Individually

11

APPROVED AS TO FORM, AND
SUBMITTED BY:

FOLEY & LARDNER LLP

*[signature]*

Anne B. Sekel, Esq.
asekel@foley.com
90 Park Avenue
New York, NY 10016
Telephone: 212-682-7474
Fax: 212-687-2329

*Attorneys for Plaintiff, 7-Eleven, Inc.*

SADIS & GOLDBERG LLP

*[signature]*

Mitchell Taras, Esq.
mtaras@sglawyers.com
551 Fifth Avenue, 21st Floor
New York, NY 10176
Telephone: 212-974-3793
Fax: 212-573-6663

*Attorneys for Defendants, 24/7 Express Mini Mart, Inc., Dipenkumar Patel, and Anisha Patel*